## Lapaglia Contractors, Inc., v. Borough of Baldwin et al.

*Morris Zimmerman* and *Frank R. Sack,* for plaintiff.

*John G. Brosky, Harrison & Lorick,* for defendants.

MONTGOMERY, J., April 20, 1955.—This matter came before the court for hearing on plaintiff's motion for a preliminary injunction to enjoin the Borough of Baldwin and certain of its officers from arresting plaintiff's agents and employes while excavating for surface coal on its leasehold in said borough. Defendants opposed the allowance of the injunction on the grounds that the arrests were justified since the operations were in violation of certain ordinances of the said borough which forbade mining operations.

The injunction was refused after preliminary hearing. An appeal having been taken by plaintiff from such refusal, the reasons for same will be stated as required by Supreme Court Rule No. 43.

Certain facts not in dispute may be stated to throw light on our discussion. The Borough of Baldwin has an ordinance forbidding mining in the area wherein this property is situate; the owners of the property, Paul Ciaffoni et ux., et al., had previously in 1950 been prevented from conducting such operations through another operator (see Commonwealth v. DeBaldo, 169

Pa. Superior Ct. 363); on October 19, 1954, said owners leased to plaintiff said tract for five years for the purpose of mining and removing coal; on January 5, 1955, operations were started without securing a permit from the borough or otherwise inquiring about their right to mine coal; from the 5th to the 10th of January 1955, plaintiff "was still playing around with the road when we loaded coal on the 10th"; the first arrest was made on the 11th and was followed by other arrests as plaintiff continued to load coal; the equipment moved onto the property consisted of a bulldozer, a power shovel and some trucks—the shovel still remains there but the bulldozer and trucks were removed and used elsewhere. Plaintiff asserts the illegality of the ordinances as reason for ignoring them.

1. This is not such a case as would justify the granting of a preliminary injunction. "A plaintiff seeks a temporary injunction only where there is an urgent necessity of keeping the existing situation in statu quo until his case can be investigated and adjudicated": Panther Valley T. V. Co. v. Summit Hill, 372 Pa. 524, 526. Had an injunction been granted in this case, plaintiffs would have resumed mining free of restraint. This would be opposed to retaining a status quo.

Further, the public harm as compared to any loss on the part of plaintiff by reason of delay in operating under its five-year lease would be much greater. Plaintiffs are contractors and mining operators with other leases and contracts, and the delay occasioned by awaiting a full determination of the validity of the ordinances would not cause such a loss as to justify an injunction. The rule stated in Pennsylvania Railroad Company v. Driscoll, 330 Pa. 97, 101, is that it must clearly appear that more harm would be done by refusing an injunction than by granting it.

2. There is an adequate remedy at law to test the validity of the ordinance in question. This may be done following an appeal from the summary conviction or by an appeal from the refusal of a permit to mine coal if application is made to the proper borough officer. This question is raised by the defendants' preliminary objections, which are pending in this court. The circumstances of the present case are not such as to bring it within the exceptions to the general rule that an injunction will not be granted to restrain criminal prosecution on the mere ground that the ordinance on which it is based is unenforcible, referred to in Adams v. New Kensington, 357 Pa. 557.

3. The alleged illegality of the ordinance does not appear so clear as to justify summary action. Such question is of such importance to the entire Borough of Baldwin that it would seem advisable not to pass on it until after argument and disposition of the pending preliminary objections, and following that after an answer on the merits and full hearing before a chancellor.

For the foregoing reasons, and in the discretion of the court, the preliminary injunction was properly refused.