**Burrell v. City of Philadelphia**

*George C. Ivins*, for plaintiffs.

*Herman P. Weinberg*, for defendant.

GREENBERG, J., August 19, 1969.—This case is before the court upon the preliminary objections of defendant, City of Philadelphia, to plaintiffs' complaint in equity. The complaint challenges the propriety of the actions of the City of Philadelphia in declaring premises owned by plaintiffs to be unfit for human habitation. Defendant, in its preliminary objections, has averred that because the administrative action by the city has not been appealed to the Board of License and Inspection Review, plaintiffs' complaint in equity is premature due to their failure to exhaust their administrative remedies.

Plaintiffs in their complaint aver that, pursuant to the Code of General Ordinances of the City of Philadelphia, sec. 7-506, defendant conducted an inspection of the premises owned by each plaintiff and issued violation notices to each, declaring their properties unfit for human habitation. Plaintiffs also aver that the entire administrative procedure utilized by defendant has denied them their constitutional right to protection from deprivation of property without due process of law. Plaintiffs further allege that the standards and procedures of inspection, notice and prosecution, as well as defendant's actions with regard to the Act of January 24, 1966, P. L. (1965) 1534, as amended, 35 PS §1700, amount to a virtual confiscation of their property without just compensation, and thereby constitute a violation of the due

process guarantees of the Constitution. Finally, plaintiffs contend that because they are challenging the constitutionality of the administrative procedure employed by defendant in the area of housing code enforcement, exhaustion of administrative remedies in this case would be a useless gesture.

As a general rule of administrative law, a party's administrative remedies must be exhausted before he may have recourse to the courts: Philadelphia v. Sam Bobman Department Store Company, 189 Pa. Superior Ct. 72; Young v. Board of Adjustment of Wilkinsburg Borough, 349 Pa. 450; T. Mendelson Co., Inc. v. Pennsylvania Railroad Company, 332 Pa. 470, 2 A. 2d 820.

To this rule of primary administrative jurisdiction, however, there is an important exception which is applicable to the present case. The exhaustion doctrine will not be applied where it appears that the administrative remedy would not be adequate and complete, or that its pursuit would work irreparable harm.

In such cases, equity has jurisdiction and will afford relief: Duquesne Light Co. v. Upper St. Clair Township, 377 Pa. 323; Collegeville Borough v. Philadelphia Suburban Water Company, 377 Pa. 636; Wood v. Goldvarg, 365 Pa. 92.

Since we are dealing here with defendant's preliminary objections, we must treat all of plaintiffs' well-pleaded facts as true. Consideration of the entire record in this case leads us to the conclusion that plaintiffs have alleged facts sufficient to bring them within the above exception to the doctrine of exhaustion of administrative remedies. Plaintiffs have explained to our satisfaction why the administrative remedy provided by the Board of License and Inspection Review would be inadequate and incom-

plete. We feel that as an administrative body, the board would have no authority to rule upon the legal or constitutional issues involved here, but could only determine the applicability of certain factual situations and the propriety of granting exceptions or variances. Since the board would be powerless to deal with a challenge to the very procedures it seeks to enforce, we feel that plaintiffs should be excluded from the application of the exhaustion doctrine.

Defendant cites the case of City of Philadelphia v. Sam Bobman Department Store Co., supra, as controlling. In that case, the point at issue was merely the *amount* of a tax assessment by the city, certainly a matter within the competence of an administrative review board. Here, however, plaintiffs are questioning the propriety of the entire administrative procedure involved in the enforcement of the housing code. The inability of the License and Inspection Review Board to consider the legal and constitutional issues raised by plaintiffs hardly could afford them an adequate or complete remedy.

Our ruling on defendant's preliminary objections in this case is supported by a similar ruling in an almost identical recent case. In Philadelphia Council of Property Owners v. City of Philadelphia, C. P. Phila., August term, 1968, no. 1152, appeal pending, Supreme Court of Pennsylvania, plaintiff similarly challenged the constitutionality of defendant's enforcement of its housing code, and sought similar relief to that sought here. Judge Sloane, in that case, overruled defendant city's preliminary objections which, as here, alleged a failure to exhaust administrative remedies. We agree with Judge Sloane that this is the correct position to take in this matter.

Accordingly, we denied defendant's preliminary objections.