Merrick, Appellant, *v.* Jennings.

Submitted January 10, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

490

*John R. Merrick,* Assistant Public Defender, for appellant.

*John S. Halsted,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 20, 1972:

Appellant John R. Merrick, a resident and assistant public defender of Chester County, filed a complaint in equity "on behalf of present and future indigent defendants" seeking to enjoin the county sheriff and warden from applying and enforcing three Pennsylvania statutes which permit imprisonment for nonpayment of fines.* Appellant alleged that application of these statutes to indigents would violate the United States Supreme Court's holding in *Tate v. Short,* 401 U.S. 395, 398, 91 S. Ct. 668, 671 (1971), that: " '[T]he Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full.' "

Appellant's complaint was dismissed by the Chester County Common Pleas Court on the grounds that (1) a

---

* The statutes whose enforcement appellant seeks to enjoin are: Act of July 12, 1842, P. L. 339, §1, 12 P.S. §257; Act of June 16, 1836, P. L. 729, §47, 39 P.S. §323; Act of May 17, 1917, P. L. 199, §§1-4, 19 P.S. §§953-56.

blanket declaration that the statutes are unconstitutional as applied to indigent defendants is not justified since the Supreme Court did not hold in *Tate v. Short* that imprisonment of indigents for nonpayment of fines is precluded when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means; and (2) that indigent defendants threatened by imprisonment for nonpayment of fines have an adequate remedy at law to which they can resort. Appellant appealed directly to this Court from the dismissal of his complaint in equity.

We need not reach the merits of appellant's complaint, for we agree fully with the court below that the indigent defendants appellant seeks to protect have a full, complete and adequate remedy at law, and thus appellant's complaint is not cognizable in equity. See *Cooper v. McDermott*, 399 Pa. 160, 159 A. 2d 486 (1960); *Lapaglia Contractors, Inc. v. Baldwin Borough*, 382 Pa. 475, 115 A. 2d 236, affirming 2 Pa. D. & C. 2d 736 (1955). Indigent defendants who are threatened with imprisonment for nonpayment of fines may raise the holding of *Tate v. Short* at trial, and at that time fully pursue their constitutional rights under that decision.

Appellant contends, however, that the indigent defendants he seeks to protect have no adequate remedy at law since the courts of Chester County have not and will not enforce the principles announced by the United States Supreme Court in *Tate*. This contention must be categorically rejected. All that appellant can point to is a decision by the late president judge of the Chester County Common Pleas Court which refused to release a defendant whose term of imprisonment was extended because of his inability to pay certain court costs that had been imposed upon him. *Commonwealth ex rel. Supulski v. Jennings*, No. 149 October Term,

1970, appeal quashed 218 Pa. Superior Ct. 864, 279 A. 2d 301 (1971). However, this decision was rendered on November 2, 1970, more than four months before *Tate v. Short* was decided. We have no reason to believe that the courts of Chester County will refuse to fully enforce *Tate* or any other controlling appellate decision.

Accordingly the decree is affirmed. Appellant to bear costs.