Sexton et al., Appellants, *v.* Stine.

Argued January 21, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Eugene F. Zenobi,* with him *Alan Linder* and *J. Richard Gray,* for appellants.

*Gordon A. Roe,* Solicitor for York County, with him *Edward H. H. Garber,* Solicitor for Clerk of Courts, for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, May 22, 1974:

Appellants were complaining witnesses[1] in two criminal assault cases presented to York County Grand

---

[1] Appellant Rita Sexton personally filed criminal charges against her alleged attacker. While the charges in the other crimi-

Jury in July of 1972. After considering the evidence, the grand jury dismissed both cases and imposed the costs of prosecution on appellants pursuant to Section 62 of the Act of March 31, 1860, P. L. 427, 19 P.S. §1222, which provides: "In all prosecutions, cases of felony excepted, if the bill of indictment shall be returned ignoramus, the grand jury returning the same shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution; and in all cases of acquittals by the petit jury on indictments for the offenses aforesaid, the jury trying the same shall determine, by their verdict, whether the county, or the prosecutor, or the defendant shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions; and the jury, grand or petit, so determining, in case they direct the prosecutor to pay the costs or any portion thereof, shall name him in their return or verdict; and whenever the jury shall determine as aforesaid, that the prosecutor or defendant shall pay the costs, the court in which the said determination shall be made shall forthwith pass sentence to that effect, and order him to be committed to the jail of the county until the costs are paid, unless he give security to pay the same within ten days." Appellants thereupon filed this class action in equity against appellee Clerk of Courts of York County seeking (1) a declaratory judgment regarding the constitutionality of the above statute and (2) an injunction against the enforcement of said statute.[2] Subsequently, the County of York was added as a co-defendant. Following the

---

nal matter were filed by a member of the York City Police Force, they were based on information supplied by appellant Willie Mae Mosley. No issue has been made of the latter's lack of formal responsibility for the complaint and we will not raise such an issue sua sponte.

[2] The Attorney General was advised of the constitutional attack on the statute but declined to intervene.

filing of various other pleadings, a hearing was conducted and the Chancellor filed a decree nisi with an accompanying opinion discussing the merits of appellants' contentions and dismissing the complaint.[3] Both parties[4] filed exceptions which were dismissed by the court en banc on April 16, 1973. This direct appeal follows from that decree.

Although the lower court's opinion goes to the merits of appellants' constitutional attacks on the statute, we are of the opinion that an adequate legal remedy exists and, therefore, that this case does not lie in equity.[5] The legal remedies available to appellants include: (1) petitioning the court for remission of costs and (2) challenging the validity of the statute when the county authorities seek to collect the costs imposed.[6]

---

[3] It should be noted that the lower court expressly declined to rule on the propriety of the class action in this case despite appellee's preliminary objections on that point.

[4] Appellees excepted to the Chancellor's failure (1) to rule the class action inappropriate, (2) to dismiss on the basis of adequate remedy at law and (3) to dismiss because of failure to join all necessary and indispensable parties.

[5] The only basis for our jurisdiction in this matter is section 202 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, Art. II, §202, 17 P.S. §211.202 (Supp. (1973), which provides for direct appeal to this Court from the courts of common pleas of actions or proceedings in equity. Thus, had this matter been handled through the proper channels indicated in this opinion, this Court would not have been vested with direct appellate jurisdiction.

[6] The parties entered into the following stipulation regarding the procedures followed by the Clerk of Courts in collecting costs imposed by the grand jury in situations such as the present one:

1. In the event that the Grand Jury of York County, Pennsylvania, orders costs of prosecution to be placed on the prosecutor or prosecutrix (hereinafter "person"), the Clerk of Courts of York County, Pennsylvania (hereinafter "clerk") notifies the person of same by form letter to appear before him within a specified

Before discussing these alternative remedies, however, we must deal briefly with a related argument raised in appellants' supplemental brief. Appellants point to our decision in *Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 306 A. 2d 295 (1973), as supportive of equity jurisdiction in this case. However, their reliance on *Friestad* in this regard is misplaced. In *Friestad* we held that the existence of another remedy not statutorily created does not necessarily preclude a declaratory judgment but is only one factor to be considered by the court "in its discretionary determination of whether a declaratory judgment would lie." 452 Pa. at 425, 306 A. 2d at 299. However, we are not presently considering the propriety of the declaratory relief sought by appellants. Rather, we are concerned

---

time, and makes arrangements with him to pay such costs. The letter further threatens attachment, arrest and imposition of additional costs for failure to so appear.

2. If the person fails to appear before the Clerk, the Clerk requests that the Court issue an attachment.

3. If the person appears before the Clerk and refuses to pay said costs, the Clerk either arranges a court hearing and so notifies the person, or requests that the Court issue an attachment for said person.

4. If the person appears before the court and alleges that he is unable to pay said costs, the Clerk may (a) arrange a payment schedule without necessity of a court hearing; (b) request the court to issue an attachment; or (c) set up a court hearing and so notify the person of said hearing.

5. If a hearing is held, the court may dispose of the matter by: ordering (a) immediate payment of costs; (b) periodic payments to the Clerk; (c) remission of the costs; or (d) commitment to jail.

6. If the person fails to pay said costs following an order of court, the Clerk requests that the Court order an attachment issued.

It is apparent that this procedure affords persons in appellants' position an opportunity to have a judicial determination of legal issues prior to the actual collection of costs.

here with the propriety of equity jurisdiction—a determination which is distinct and independent from that dealing with the propriety of a declaratory judgment. It is quite possible that a case might properly be the subject of a declaratory judgment and still not lie in equity. Thus, the presence of appellants' claim for declaratory relief has no bearing on our decision that equity does not lie in the present case.

Finally, we can perceive no reason why appellants' constitutional arguments cannot be raised in either of the two procedures heretofore mentioned. Appellants contend that to petition the court for remission of costs would be inadequate since the standard for overturning the grand jury's determination has been the "abuse of discretion" standard. *Commonwealth v. Kocher,* 23 Pa. Superior Ct. 65 (1903). Nevertheless, the "abuse of discretion" standard does *not* preclude raising broad constitutional arguments which attack the very statute from which the grand jury derives its authority. Since these types of arguments were raised by appellants here,[7] they may be adequately litigated by petitioning the court for remission of costs. In addition, the second procedure mentioned above also provides a means for appellant to raise his arguments.[8] This Court has held in a similar situation that the availability of such opportunity to raise constitutional arguments in another proceeding precludes entertain-

---

[7] Appellants attack the statute as being unconstitutional for the following reasons: (1) it constitutes a chilling effect upon their first amendment right to petition the government for redress of grievances; (2) it constitutes a chilling effect upon their due process right to access to the courts; (3) it constitutes an impermissible classification based on wealth in violation of equal protection; and (4) it is void for vagueness.

[8] Clearly, appellants would have opportunity to raise their constitutional objections before a court when the Clerk of Courts seeks to collect the costs imposed. *See* note 6 *supra.*

ing a suit in equity to enjoin enforcement of a statute. *See Merrick v. Jennings,* 446 Pa. 489, 288 A. 2d 523 (1972). We can see no reason for distinguishing that decision from the present situation.

The decree of the court below dismissing appellants' complaint is hereby affirmed without prejudice to appellants in their pursuit of appropriate remedies. Each party pay own costs.