624

St. Joe Minerals Corporation, Plaintiff, v. Maurice K. Goddard, as Secretary of the Department of Environmental Resources and Chairman of the Environmental Quality Board, The Department of Environmental Resources and The Environmental Quality Board, Defendants.

Argued June 5, 1974, before President Judge BOWMAN and Judges KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Judge CRUMLISH, JR., did not participate.

*John McN. Cramer,* with him *Reed, Smith, Shaw & McClay,* for plaintiff.

*Marvin A. Fein,* Special Assistant Attorney General, for defendants.

OPINION BY PRESIDENT JUDGE BOWMAN, August 13, 1974:

St. Joe Minerals Corporation (St. Joe) filed, on January 28, 1974, a complaint in equity challenging the validity of air quality standards promulgated in the form of regulations by the Environmental Quality Board (EQB) pursuant to the Air Pollution Control Act, Act of January 8, 1960, P. L. (1959) 2119, §5, *as amended,* 35 P.S. §4005(2) (Supp. 1974-1975).

In its complaint, St. Joe asserts that the regulations in question are arbitrary and capricious as applied to its zinc smelter operations in Potter Township; their promulgation and enforcement deny St. Joe of "due process of law"; are not within the "police power"; and constitute an unjustified burden on interstate commerce violative of the United States Constitution. The relief sought is enjoining the defendants from enforcing the regulations against plaintiff's zinc smelter operations.

By way of preliminary objections the defendants, Department of Environmental Resources (DER),[1] has

---

[1] Defendants also include Maurice K. Goddard, as Secretary of the Department of Environmental Resources and Chairman of the

raised, among other issues, that of whether equity has jurisdiction in this case. DER contends that equity is without jurisdiction because St. Joe has an adequate remedy at law which it is presently pursuing.

This controversy has its origin in the promulgation of air quality standards by EQB on March 4, 1972;[2] said standards became effective on March 19, 1972. On September 19, 1972, St. Joe filed a petition for a variance from these standards, and requested that they be excused from compliance therewith until July 31, 1977. DER took St. Joe's variance request under advisement, and prior to DER's formally acting thereon, St. Joe filed the complaint in the instant case on January 28, 1974.

Subsequent to the filing of St. Joe's complaint, DER, on February 6, 1974, denied St. Joe's request for a variance until 1977, instead it granted a variance until December 31, 1975. Thereafter, St. Joe took a timely appeal from DER's denial to the Environmental Hearing Board (EHB), which appeal is currently pending. The issues raised by the appeal to the EHB and the complaint in this case are similar. Both proceedings challenge the validity of the EOB regulations on constitutional and other grounds as they pertain to St. Joe.

Prior to the filing of St. Joe's petition for a variance with DER and continuing throughout this period, parallel proceedings were initiated in the Federal system. With regard to those proceedings, suffice it to say that on March 19, 1974, the Administrator of the Environmental Protection Agency (EPA) rendered a decision in which he concluded that the Pennsylvania emission standards, as promulgated by EQB, were technological-

---

Environmental Quality Board, and the Environmental Quality Board itself.

[2] 25 Pa. Code §123.21(b)

ly infeasible, and having so concluded, did not reach the issue of whether they were economically infeasible. The Administrator recommended that the Pennsylvania standards be modified.[3]

The threshold issue to be resolved is whether, in light of the appeal pending before EHB, equity has jurisdiction to entertain St. Joe's complaint. We think not, and defendants' preliminary objections should be sustained.

Two basic tenets of equity jurisdiction are involved in this case, and viewed either separately or in conjunction with each other, they dictate the conclusion that equity is without jurisdiction. It has been repeatedly stated by both the Supreme Court and this Court that equity has jurisdiction only in the absence of a full, complete and adequate remedy at law. *Sexton v. Stine,* 456 Pa. 301, 319 A.2d 666 (1974); *Merrick v. Jennings,* 446 Pa. 489, 288 A.2d 523 (1972); *Wolf v. Tominac,* 11 Pa. Commonwealth Ct. 209, 315 A.2d 314 (1973); *Lilian v. Commonwealth,* 11 Pa. Commonwealth Ct. 90, 311 A.2d 368 (1973).

Plaintiff recognizes this requirement but contends that the administrative proceedings that it has initiated and which are currently pending do not provide an adequate remedy at law. In support of this position, St. Joe cites *Philadelphia Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 190 A.2d 111 (1963).

In *Philadelphia Life Insurance* the constitutionality of a taxing statute was challenged utilizing the vehicle of equity. In concluding that equity had jurisdiction based on the lack of an adequate remedy at law, the Supreme Court relied primarily on two factors. First, the Court notes: "Certainly, the Department of Revenue and the Board of Finance and Revenue are

---

[3] *St. Joe Minerals Corporation v. EPA* (EPA Docket No. 72-1543).

not competent tribunals to pass upon questions of the validity or constitutionality of statutes. . . ." (410 Pa. at 580, 190 A.2d at 116.) And secondly, the Court recited in particular detail the involved and lengthy administrative route that the taxpayer would necessarily be required to pursue prior to the case reaching a tribunal competent to pass upon the constitutionality of the statute.

Thus, the Supreme Court expressly assigned the incompetency of an administrative agency to decide questions of constitutionality of a statute as a reason for finding the lack of an adequate remedy at law. Under the Fiscal Code procedures for review and appeal, however, the issue of constitutionality would have eventually reached a court for determination. Therefore, a subtle but important factor inherent in the Court's conclusion, that an adequate remedy at law does not exist, is the additional factor of prolonged delay in reaching a tribunal competent to adjudicate a constitutional issue. That is, there can be no adequate remedy at law unless the remedy at law is presently available in terms of both timeliness and in terms of the competency of the tribunal to resolve all of the issues in the case. In effect, the plaintiff must demonstrate a sense of urgency for his relief before equity will assume jurisdiction where a remedy at law does exist.

Within this context, the distinguishing features between the instant case and *Philadelphia Life Insurance* are evident. In the instant case, the plaintiff is attacking not the constitutionality of a statute but rather the constitutionality of a regulation promulgated by EQB. Although EHB would not have the authority to pass upon the constitutionality of a statute, it does have the authority to review the validity of a regulation promulgated by EQB, and if, in its opinion, the regu-

lation was improvidently promulgated or is arbitrary as to plaintiff's operation, it may reverse or modify the DER order granting a variance, the terms of which were more limited than sought by St. Joe.

Having concluded that all of the issues raised by St. Joe can properly be adjudicated by the EHB, the recent Supreme Court decision in *Sexton, supra,* is significant. Writing for the majority, Chief Justice Jones states: "This Court has held in a similar situation that the availability of such opportunity to raise constitutional arguments in another proceeding precludes entertaining a suit in equity to enjoin enforcement of a statute. . . ." (456 Pa. at 305, 319 A. 2d at 668.) Although St. Joe is not seeking to enjoin the enforcement of a statute, it is seeking to enjoin the enforcement of a regulation. The principle announced in *Sexton, supra,* is pertinent to the instant case. Equity will not assume jurisdiction on the basis of adjudicating constitutional issues if those issues can properly be resolved in another proceeding.

Additionally, St. Joe initially elected to proceed through administrative channels, and having done so, it should not now be permitted to assert the lack of an adequate remedy at law. Any assertion by St. Joe of a need for a prompt determination of the constitutional issues that it has raised is not, nor could it be, seriously pressed in view of the nearly two years that have elapsed since the regulation was first promulgated and the filing of the complaint in this Court.

To the extent St. Joe's assertion that *enforcement* of the regulation will produce immediate or looming irreparable harm violative of its due process rights as a reason for equity to assume jurisdiction, its right to seek of EHB or the judiciary a supersedeas of the DER order pending an EHB adjudication (Act of October 26, 1972, P. L.    , No. 245, *amending* Section 4.1 of

630

the Air Pollution Control Act, Act of January 8, 1960, P. L. (1959) 2119, §5, 35 P.S. §4004 (Supp. 1974-1975)) affords St. Joe the requisite protection of that right.

Having concluded that equity does not have jurisdiction, it is unnecessary to consider the other issues raised in defendants' preliminary objections.

Accordingly, we enter the following

### ORDER

Now, August 13, 1974, defendants' preliminary objections are sustained and plaintiff's complaint is dismissed.