## Dr. M. Davis Associates v. The Lunar Agency, Inc.

*Mitchell S. Greenspan,* for plaintiffs.
*Michael D. Gallagher,* for defendants.

SMITH, S., *J.*, February 2, 1978 — Plaintiffs, Dr. M. Davis Associates and Affiliated Health Services, Inc., have filed a complaint in equity alleging that defendant, The Lunar Agency, Inc. and Robert Lucente, breached an agency agreement wherein

defendants promised to obtain a $1,000,000 umbrella malpractice insurance policy for plaintiffs. A policy issued by Interstate Fire & Casualty Company was procured by defendants, but plaintiffs aver that they were not named as insureds under the insurance contract. Plaintiffs seek a court order commanding defendants to post a $4,000,000 security bond wherefrom plaintiffs can be indemnified (according to the terms of the Interstate policy) for their liability for acts of malpractice occurring during the four-year period of noncoverage. Preliminary objections requesting the dismissal of plaintiffs' complaint have been filed by defendant.

Equitable relief can only be granted if plaintiffs establish the inadequacy of their remedies at law: Sexton v. Stine, 456 Pa. 301, 319 A. 2d 666 (1974); St. Joe Minerals Corp. v. Goddard, 14 Pa. Commonwealth Ct. 624, 324 A. 2d 800 (1974). Plaintiffs assert that by resolving the issue of liability in the instant action, the court can avoid the multiplicity of litigation that would be engendered by separate suits for indemnification. Even if defendants were found liable for breach of contract, the court would still have to determine whether Interstate would have been liable (and, if so, the extent of liability) if the coverage had been in effect. Therefore, no economies of judicial resources would be achieved by requiring the posting of security. Finally, defendants' lack of adequate reserves to pay anticipated claims does not justify granting the relief requested, for every civil litigant is faced with the prospect that a money judgment in his favor will remain unsatisfied. Plaintiffs' legal remedies—suing for indemnification when and if the malpractice claims are reduced to judgment and the costs of litigation are determined—are sufficiently

adequate to render equitable relief inappropriate. See Avondale Cut Rate, Inc. v. Associated Excess Underwriters, Inc., 406 Pa. 493, 178 A. 2d 758 (1962).

## ORDER

And now, February 2, 1978, it is hereby ordered and decreed that defendants' preliminary objections are sustained and that plaintiffs' complaint is dismissed.