Arsenal Coal Company et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources et al., Respondents.

Argued November 16, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR. and MACPHAIL.

188

*James J. Curran,* with him *Edward E. Kopko,* for petitioners.

*John C. Dernbach,* Assistant Counsel, with him *Peter Shelley, Gary L. Martin,* and *Douglas R. Blazey,* Assistant Counsels, for respondents.

OPINION BY JUDGE BLATT, January 13, 1983:

Before us are the preliminary objections of the Department of Environmental Resoudces (DER) to a petition filed by the petitioners, who are coal mine operators and producers located throughout the anthracite region of the Commonwealth. The said petitioners sought preliminarily[1] and then permanently to enjoin the DER from implementing certain regulations promulgated by the Environmental Quality Board which govern environmental performance standards, bond limits and revegetation responsibility for the surface mining of anthracite coal. Specifically, the petitioners argue that these regulations differ impermissibly from the regulatory program governing the anthracite industry in existence in this Commonwealth on August 3, 1977.[2]

---

[1] The parties are currently engaged in proceedings in this Court concerning the request by the petitioners for a preliminary injunction.

[2] Sections 16 and 17 of the Act of October 10, 1980, P.L. 835, 53 P.S. §1396.1 (note) (Supp. 1982-83), which amended Pennsylvania's Surface Mining Conservation and Reclamation Act, Act of May 31, 1945, P.L. 1198, *as amended,* 52 P.S. §§1396.1-1396.25, respectively provided that:

> To the full extent provided by section 529 of the Surface Mining Control and Reclamation Act of 1977 [the federal Act], the surface mining of anthracite shall continue to be governed by the Pennsylvania law in effect August 3, 1977. [Section 16.]
>
> It is the intent of this act to preserve existing Pennsylvania law to the maximum extent possible. [Section 17.]

By way of preliminary objections the DER has raised, among other issues, the question of whether or not the petitioners have failed to exhaust an adequate administrative remedy under Section 1921-A of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by Section 20 of the Act of December 3, 1970, P.L. 834, 71 P.S. §510-21.

Our Supreme Court in *Shenango Valley Osteopathic Hospital v. Department of Health,* Pa. , , 451 A.2d 434, 438 (1982), in commenting upon administrative remedies provided by the legislature, stated that:

> The doctrine of exhaustion of administrative remedies as a restraint upon the exercise of a court's equitable powers not only reflects a recognition of the general assembly's directive of strict compliance with statutorily-prescribed remedies, it also acknowledges that an unjustified failure to follow the administrative scheme undercuts the foundation upon which the administrative process was founded. This premise was succinctly set forth in our decision in T. Mendelson Co., Inc. v. Pennsylvania R.R. Co., 332 Pa. 470, 474, 2 A.2d 820, 822 (1938).
>
> > The technical nature of the subject, and the peculiar ability of an administrative body to examine it, suffice as a matter of public policy to displace preliminary court action.
> >
> > The premature interruption of the administrative process restricts the agency's opportunity to develop an adequate factual record, limits the agency in the exercise of its expertise and impedes the development of a cohesive body of law in that area. . . .

The remedy afforded by the administrative process, however, must not be inadequate, *Shenango Valley*, nor must its pursuit cause the petitioners irreparable harm. *Borough of Green Tree v. Board of Property Assessments*, 459 Pa. 268, 328 A.2d 819 (1974) (citing *Bliss Excavating Co. v. Luzerne County*, 418 Pa. 446, 211 A.2d 532 (1965)).

In *Shenango Valley* the administrative remedy was deemed to be inadequate because it did not "provide any remedy or appeal process to resolve" the issues raised by the party seeking equitable relief. *Id.* at , 451 A.2d at 438. Here, however, Section 1921-A of the Administrative Code of 1929 in pertinent part provides:

§510-21 (Adm. Code §1921-A). Environmental Hearing Board

(a) The Environmental Hearing Board shall have the power and its duties shall be to hold hearings and issue adjudications under the provisions of the act of June 4, 1945 (P.L. 1388), known as the "Administrative Agency Law," on any order, permit, license or decision of the Department of Environmental Resources.

. . . .

(c) Anything in any law to the contrary, notwithstanding, any action of the Department of Environmental Resources may be taken initially without regard to the Administrative Agency Law, but no such action of the department adversely affecting any person shall be final as to such person until such person has had the opportunity to appeal such action to the Environmental Hearing Board; provided, however, that any such action shall be final as to any person who has not perfected his appeal in the manner hereinafter specified.

    (d) An appeal taken to the Environmental Hearing Board from a decision of the Department of Environmental Resources shall not act as a supersedeas, but, upon cause shown and where the circumstances require it, the department and/or the board shall have the power to grant a supersedeas.

This section, we believe, obviously sets forth an appeal process or remedy, for review of actions of the DER. Moreover, in *St. Joe Minerals Corp. v. Goddard,* 14 Pa. Commonwealth Ct. 624, 628-29, 324 A.2d 800, 802 (1974), we stated as follows:

    [T]he plaintiff is attacking not the constitutionality of a statute but rather the constitutionality of a regulation promulgated by the EQB [Environmental Quality Board]. Although the EHB [Environmental Hearing Board] would not have the authority to pass upon the constitutionality of a statute, *it does have the authority to review the validity of a regulation promulgated by the EQB,* and if, in its opinion, the regulation was improvidently promulgated or is arbitrary as to plaintiff's operation, it may reverse or modify the DER order. . . . (Emphasis added.)

    It is clear in the case at hand that the petitioners challenge a large number of regulations promulgated by the Environmental Quality Board rather than a statute adopted by the legislature.[3] We believe, therefore, that the administrative remedy set forth in Section 1921-A of the Administrative Code of 1929 clearly provides the petitioners an adequate remedy or ap-

---

    [3] Thus, the instant situation differs, and we need not consider the issues presented in those situations where there is a frontal attack on the constitutionality or general validity of a statute. See *Shenango Valley; Borough of Green Tree.*

peal process under the "circumstances" presented before us. *Borough of Green Tree,* 459 Pa. at 276, 328 A.2d at 823. Furthermore, we believe it equally clear in the case at hand that, unlike the situation in *Shenango Valley,* important factual issues remain for consideration; many of which embrace highly technical determinations[4] in, among others, the area of hydrology, soil mechanics, pollution control engineering, and revegetation processes. As previously stated, part of the reason for the rule requiring the exhaustion of administrative remedies in proper circumstances is because quasi-judicial tribunals, whose technical expertise exceed that of the courts, are consequently in a much better position than the courts to make complex factual or administrative determinations. *See, e.g., Shenango Valley; Borough of Green Tree; T. Mendelson Co., Inc. v. Pennsylvania R.R. Co.,* 332 Pa. 470, 2 A.2d 820 (1938).

Concerning the issue as to whether or not the petitioners will be irreparably harmed, *Borough of Green Tree,* during their pursuit of the aforementioned statutorily provided administrative remedy, we note that Section 1921-A(c) of the Administrative Code of 1929 provides petitioners the opportunity to seek a stay of the DER's enforcement of the regulations against them. In *St. Joe Minerals Corp.,* we held that such a supersedeas procedure afforded a petitioner challenging a DER regulation ample protection against irreparable harm which might occur during the administrative procedure before the Environmental Hearing Board. Similarly, we believe that the petitioners in the instant matter are adequately protected.

---

[4] Namely, the extent to which the new regulatory program differs from that in effect on August 3, 1977.

194

We will, therefore, sustain the DER's preliminary objection that the petitioners have failed to exhaust their administrative remedy in this matter. And, having done so we will not be required to address the other issues raised in the DER's preliminary objections.

### ORDER

AND Now, this 13th day of January, 1983, the preliminary objection of the Department of Environmental Resources that the petitioners failed to exhaust their administrative remedies is sustained and the petitioners' petition for review in the above-captioned matter is hereby dismissed.

### ORDER

AND Now, this 13th day of January, 1983, inasmuch as this Court has sustained the respondents' preliminary objection that the petitioners have failed to exhaust their administrative remedies, and has dismissed the petitioners' petition for review, the petitioners' request for a preliminary injunction in the above-captioned matter is hereby denied without prejudice and the hearing set for February 8, 1983 is cancelled.