Neshaminy Water Resources Authority, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, and Commonwealth of Pennsylvania, Environmental Quality Board, Respondents.

Argued June 5, 1985, before president Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MACPHAIL, BARRY, COLINS and PALLADINO.

*John E. Flaherty, Jr.*, with him, *George J. Miller, Lois Reznick*, and *Judy Yun, Dechert, Price & Rhoads*, for petitioner.

*Ellis M. Saull*, Deputy Attorney General, with him, *Allen C. Warshaw*, Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman*, Attorney General, for respondents.

OPINION BY JUDGE PALLADINO, September 26, 1985:

This case is before the Court upon the preliminary objections of the Respondent, Department of Environmental Resources (DER), to the Petition for Review filed by Neshaminy Water Resources Authority (Petitioner). The Petition for Review is addressed to this Court's original jurisdiction pursuant to 42 Pa. C.S. §761(a)[1] and seeks a declaratory judgment invalidating amendments to water quality regulations[2] adopted by the Environmental Quality Board (EQB) on December 18, 1984 pursuant to Section 5(b)(1) of

[1] The Petition for Review filed by Petitioner also raised a question as to whether the Commonwealth Court has appellate jurisdiction over this matter pursuant to 42 Pa. C.S. §763. In Petitioner's Brief In Response to Respondent's Preliminary Ojections, however, Petitioner asserts only that this court has original jurisdiction. We, therefore, do not address the issue of our appellate jurisdiction.

[2] See 25 Pa. Code §§93.1-93.9 and 95.1-95.8, *as amended*, 15 Pa. B. 544-558 (1985).

the Clean Streams Law.[3] Petitioner also seeks injunctive relief which would prevent DER from implementing the amended regulations.

Petitioner is a municipal authority organized to manage the water resources of the Neshaminy watershed, including the Neshaminy and Core Creeks, located in Bucks County, Pennsylvania. Petitioner has constructed dams on the Neshaminy and Core Creeks to provide reservoirs for recreational and flood control purposes. The Petition for Review alleges that the amended regulations remove the in-stream water quality standard for phosphorus which will result in a degradation of the water quality of the Neshaminy and Core Creeks and the reservoirs located thereon. Petitioner alleges that this degradation of the water quality will thwart its objective of increasing the water quality in the reservoirs to the point that the reservoirs can be used for contact recreation. Petitioner challenges the amended regulations on the ground that they constitute an evasion of the Clean Water Act, 33 U.S.C. §1313, and the Clean Streams Law, 35 P.S. §§691.1-691.1001. Petitioner also asserts that the degradation of the water quality which it fears will occur constitutes a deprivation of its property without due process of law.

DER's preliminary objections assert that this Court does not have original jurisdiction to consider Petitioner's challenge to the regulations because the regulations do not have a direct and immediate impact on Petitioner. We agree.

In the case of *Arsenal Coal Company v. Department of Environmental Resources*, 505 Pa. 198, 477 A.2d 1333 (1984), *reversing* 71 Pa. Commonwealth Ct. 187, 454 A.2d 658 (1983), the Pennsylvania Su-

---

[3] Act of June 22, 1937, P.L. 1987, *as amended* 35 P.S. §691.5 (b)(1).

preme Court held that "the original equitable jurisdiction of the Commonwealth Court in a case seeking pre-enforcement review of a substantial challenge to the validity of regulations promulgated by an administrative agency is clear." *Id.* at 208, 477 A.2d at 1338. The *Arsenal Coal* Court also stated, however that "[a] court of equity . . . must refrain from exercising its jurisdiction when there exists an adequate statutory remedy." *Id.*

In *Arsenal Coal* fifty-five anthracite coal mine operators and producers sought to enjoin DER from implementing regulations promulgated by the EQB governing environmental performance standards for the surface mining of anthractie coal. The *Arsenal Coal* Appellants claimed that the regulations at issue in that case were invalid because the EQB had exceeded the authority delegated to it by the legislature in promulgating the challenged regulations. DER filed preliminary objections asserting that the Commonwealth Court was without jurisdiction to entertain the preenforcement challenge to the regulations because the *Arsenal Coal* Appellants had not exhausted their available administrative remedy, which consisted of challenging the implementation and enforcement of the regulations by DER via an appeal to the Environmental Hearing Board.[4] The Supreme Court rejected this argument because it concluded that the administrative process by which the Appellants would be able to challenge the validity of the regulations upon the individual application of the

---

[4] *See* Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §510-21 (enumerating powers of the Environmental Hearing Board). *See also Arsenal Coal*, 505 Pa. at 208, 477 A.2d at 1339. As stated by the *Arsenal Coal* Court, the Environmental Hearing Board has the authority to hold hearings and issue adjudications on appeal from any order, permit, license or decision of DER. This does not include the authority to conduct preenforcement review of promulgated regulations. *Id.*

regulations to each Appellant would be a lengthy, costly and inefficient process which would result in ongoing uncertainty in the day-to-day business operations of the industry. *Id.* at 210, 477 A.2d at 1340. The *Arsenal Coal* Court, therefore, concluded that because the Appellants would be subjected to direct and immediate harm, the statutory administrative review process was inadequate and the Commonwealth Court had erred in declining to exercise its equitable jurisdiction. *Id.*

The facts presented in the case at bar, however, are so distinguishable from those presented in *Arsenal Coal,* that we must reach a contrary result and decline to exercise our equitable jurisdiction. Petitioner, unlike the *Arsenal Coal* Appellants, will not suffer direct and immediate harm which would render the statutory administrative review process inadequate. In the case at bar, the challenged regulations will neither require nor prohibit Petitioner from taking any action because Petitioner is not a discharger of phosphorus.

Petitioner's sole complaint is that if DER implements regulations which allow a greater phosphorus discharge into the Neshaminy and Core Creeks, its goal of making these waters unpolluted and safe for contact recreation will be thwarted. The regulations, however, do not in and of themselves permit a greater phosphorus discharge into the waters; the amended regulations specifically state that existing point sources of phosphorus discharge which are currently subject to phosphorus controls will continue to operate at present levels. 25 Pa. Code §93.9(b)(2), *as amended,* 15 Pa. B. 558 (1985). The amended regulations also contemplate that DER will evaluate the degree to which phosphorus contributes to the impairment of designated uses on a case-by-case basis and may impose more stringent limitations where nec-

essary. *See* 25 Pa. Code §95.9(a) and (b)(3) and (b)(4), *as amended,* 15 Pa. B. 558 (1985). With respect to the Neshaminy Creek, DER has specifically recognized that it is necessary to apply more stringent limitations on phosphorous dischargers in order to achieve the designated use. *See* 15 Pa. B. 547 (1985).

Thus, the regulations are not self-effectuating. The status quo will continue until DER, upon application or reapplication for a permit by a new or existing discharger, evaluates the water quality of the stream in question and imposes appropriate phosphorus discharge limitations based upon its evaluation. The eventual impact of the amended regulations upon Petitioner, therefore, is at this point in time uncertain. It is not direct or immediate. In contradistinction to the situation in *Arsenal Coal,* the case at bar presents a situation where requiring Petitioner to challenge DER's application of the regulations to individual phosphorus dischargers on a case-by-case basis will be a more efficient process than to have this Court speculate as to what steps DER may take to implement the amended regulations with respect to the Neshaminy and Core Creeks. Because Petitioner will not be subjected to direct and immediate harm, the statutory review process is an adequate and appropriate remedy and this Court must refrain from exercising its equitable jurisdiction. *See Arsenal Coal,* 505 Pa. at 208, 477 A.2d at 1338.

The final point which we must address is DER's argument that this Court is without jurisdiction to enter a declaratory judgment because Petitioner has an adequate remedy at law. We must reject this argument. The Declaratory Judgments Act, 42 Pa. C.S. §7541(b)(c), specifically provides that the availability of another remedy, at law or in equity, shall not limit the availability of a declaratory judgment unless jurisdiction over the case is vested exclusively

in another tribunal. As stated above, it is clear that this Court, not the Environmental Hearing Board, has jurisdiction to consider a preenforcement challenge to administrative regulations. *See Arsenal Coal,* 505 Pa. at 208, 477 A.2d at 1338. However, the Declaratory Judgments Act, 42 Pa. C.S. §7547, also provides that a court may decline to render a declaratory judgment if the judgment would not resolve the uncertainty or controversy giving rise to the proceeding. For the reasons outlined above, we find that a declaratory judgment entered by this Court at this time would not resolve the controversy presented here because it remains to be seen how DER will apply the regulations to phosphorous dischargers along the Neshaminy and Core Creeks. We therefore decline to exercise our jurisdiction in this action for a declaratory judgment.

Accordingly, we sustain DER's preliminary objection challenging this Court's original jurisdiction and dismiss Petitioner's Petition for Review.

### ORDER

AND Now, September 26, 1985, the preliminary objection of the Department of Environmental Resources challenging the Commonwealth Court's original jurisdiction is sustained and the Petition for Review filed by Neshaminy Water Resources Authority in the above-captioned case is dismissed.