American Federation of State, County and Municipal Employees, AFL-CIO, Appellant, *v.* Pennsylvania Labor Relations Board, Appellee.

Argued December 2, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., ROGERS and BLATT. Judge MENCER did not participate.

*Richard Kirschner*, with him *Neal Goldstein* and *Markowitz & Kirschner*, for appellant.

*James L. Crawford*, Assistant Attorney General, with him *James F. Wildeman*, Assistant Attorney General, for appellee.

*Thomas H. Lane*, with him *Morgan, Lewis & Bockius*, for intervening appellee, Commonwealth of Pennsylvania.

OPINION BY JUDGE ROGERS, January 2, 1975:

The Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101 et seq., recognizes a number of classes of employes based upon the duties and responsibilities of the work performed and imposes on public employers different obligations in dealing collectively with the several classes. For purposes of this case it is necessary to record only that public employers are exempted by the Act from any duty to bargain or meet and discuss with management level employes concerning wages, hours or other terms and conditions of employment;[1] that they are required to meet

---

1. Section 301(2), 43 P.S. §1101.301(2).

and discuss the mentioned subjects with first level supervisors or their representatives;[2] and that they must bargain collectively with the bulk of their employes, the so-called rank and file.[3]

Section 301(16) of the Act, 43 P.S. §1101.301(16), defines a management level employe as "any individual who is involved directly in the determination of policy or *who responsibly directs the implementation thereof and shall include all employes above the first level of supervision.*" (Emphasis added.) Section 301(19), 43 P.S. §1101.30 (19) provides: " 'first level supervisor' means the lowest level at which an employe functions as a supervisor."

The question in this case is whether the 67 persons employed by the Commonwealth of Pennsylvania under the job title of Automotive Equipment Foreman are first level supervisors, as contended by the appellant American Federation of State, County and Municipal Employees, AFL-CIO, or managerial level employes, as contended by the Department of Transportation.

The job title, Automotive Equipment Foreman, was, prior to the decision of the Pennsylvania Labor Relations Board in this case, included in a unit of first level supervisors by certification of the Board. The instant proceedings were commenced by the employer's petition seeking their removal from that unit and a determination that they are managerial level employes. After a hearing at which extensive testimony of both parties was received, the Board granted the prayer of the petition. The Union has appealed.

The unit of first level supervisors in which the Automotive Equipment Foremen were formerly placed included persons employed under the job title, Mechanic II, who, as do Automotive Equipment Foremen, work in the Department's county garages. While the record, which we have carefully reviewed, reveals that Automobile

---

2. Section 704, 43 P.S. §1101.704.
3. Section 401, 43 P.S. §1101.401.

Equipment Foremen do not perform some of the more responsible duties of the position set out in the Department's job description, it clearly shows that they are required to and do in fact perform at least two functions which place them within the statutory definition of managerial employes. First, they responsibly direct the implementation of the policies of the district superintendent with respect to road construction and maintenance, and second, they supervise Mechanics II, who in turn "responsibly direct" lower-level mechanics and other employes in the county garages and who have been and continue to be certified by the Board as first level supervisors.[4]

We again advert to the narrow limits of our review prescribed by law. Our determination is confined to whether the facts found by the Board are supported by competent evidence and whether its conclusions, based on the facts, are reasonable. *Pennsylvania Labor Relations Board v. Kaufmann Stores, Inc.,* 345 Pa. 398, 29 A.2d 90 (1942) ; and we must recognize that the Board is considered to have expertise and experience which qualify it better than we to appreciate the complexities of the subject of labor relations. *Pennsylvania Labor Relations Board v. Sand's Restaurant Corporation,* 429 Pa. 479, 240 A.2d 801 (1968) ; *Pennsylvania Labor Relations Board v. Butz,* 411 Pa. 360, 192 A.2d 707 (1963). The second of these principles, it seems to us, should apply with particular force in this case concerning a comparatively small number of persons holding obviously important positions heretofore inappropriately included in a unit also containing persons under their supervision.

Order affirmed.

---

4. The record also shows that Automotive Equipment Foremen are authorized to make purchases of parts and supplies within monetary limitations, which purchases, according to the testimony of one witness, cumulatively can reach substantial monthly dollar amounts.