Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board *v.* Commonwealth of Pennsylvania, Appellant.

Argued September 10, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John D. Thrush,* with him *Thomas H. Lane,* for appellant.

*James L. Crawford,* Assistant Attorney General, with him *James F. Wildeman,* Assistant Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 20, 1976:

This is an appeal from a final order of the Pennsylvania Labor Relations Board (Board) dismissing the Commonwealth of Pennsylvania's (Commonwealth) exceptions to its Nisi Decision and Order directing the Commonwealth to comply with an arbitration award dated February 8, 1974. We reverse and remand.

The genesis of this appeal was the Commonwealth's refusal to comply with an arbitration award issued under Section 903 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.903[1]

---

1. "Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory. The procedure to be adopted is a proper subject of bargaining with the proviso that the final step shall provide for a binding decision by an arbitrator or a tri-partite board of arbitrators as the parties may agree. Any decisions of the arbitrator

(PERA) which directed that an employee of the Department of Public Welfare be restored to her position as Assistance Technician Trainee or its equivalent.[2] The Commonwealth contended that the arbitrator exceeded his authority, thereby violating Section 702 of PERA[3] and in complying the Commonwealth would be in violation of Section 703 of PERA,[4] whereupon the employee

---

sentatives." 43 P.S. §1101.702.

or arbitrators requiring legislation will only be effective if such legislation is enacted: (1) If the parties cannot voluntarily agree upon the selection of an arbitrator, the parties shall notify the Bureau of Mediation of their inability to do so. The Bureau of Mediation shall then submit to the parties the names of seven arbitrators. Each party shall alternately strike a name until one name remains. The public employer shall strike the first name. The person remaining shall be the arbitrator. (2) The costs of arbitration shall be shared equally by the parties. Fees paid to arbitrators shall be based on a schedule established by the Bureau of Mediation."

2. The award stated: "Within one month of receipt of this Award and Opinion by the agency, Ms. Finney is to be reassigned as an Income Maintenance Trainee in the Medical Assistance and Food Stamp area (or if these not be in existence, in the most closely analagous area). No back pay is awarded. The probationary period is to be continued ·for a period of at least three months unless terminated earlier by Ms. Finney."

3. "Public employers shall not be required to bargain over matters of inherent managerial policy, which shall include but shall not be limited to such areas of discretion or policy as the functions and programs of the public employer, standards of services, its overall budget, utilization of technology, the organizational structure and selection and direction of personnel. Public employers, however, shall be required to meet and discuss on policy matters affecting wages, hours and terms and conditons of employment as well as the impact thereon upon request by public employee repre-

4. "The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of the Commonwealth of Pennsylvania or the provisions of municipal home rule charters." 43 P.S. §1101.703.

through her bargaining representative, the Pennsylvania Social Services Union (PSSU), filed an unfair practice charge pursuant to Section 1201(a)(8) of PERA[5] to *enforce* the award. Pursuant to Section 1302 of PERA,[6] the Board issued a complaint and after a hearing, a nisi decision and order was entered, setting forth the Board's finding of fact and conclusions of law which in essence ordered the Commonwealth to comply with the arbitration award. Exceptions were filed by the Commonwealth challenging the validity of the arbitration award. The Board dismissed them in making its order final,[7] directing compliance with the award. This appeal followed.

---

5. "(a) Public employers, their agents or representatives are prohibited from:

"(8) Refusing to comply with the provisions of an arbitration award deemed binding under section 903 of Article IX." 43 P.S. §1101.1201(a)(8)

6. "Whenever it is charged by any interested party that any person has engaged in or is engaging in any such unfair practice, the board, or any member or designated agent thereof, shall have authority to issue and cause to be served upon such person a complaint, stating the charges in that respect, and containing a notice of hearing before the board, or any member or designated agent thereof, at a place therein fixed, not less than five days after the serving of said complaint. Any such complaint may be amended by the board, member or agent conducting the hearing at any time prior to the issuance of an order based thereon. The person so complained of shall have the right to file an answer to the original or amended complaint and to appear in person, or otherwise, to give testimony at the place and time set in the complaint. In the discretion of a member or agent conducting the hearing or of the board, any other person may be allowed to intervene in the said proceeding and to present testimony. In any such proceeding, the rules of evidence prevailing in courts of law or equity shall be followed but not be controlling." 43 P.S. §1101.1302.

7. The final order states:

"On July 15, 1974, the Pennsylvania Labor Relations Board, hereinafter called the 'Board,' issued a Nisi Decision and Order wherein it ordered and directed the Commonwealth of Pennsylvania hereinafter called the 'Commonwealth' to cease and desist

The issue for our determination is whether Appellant's sole remedy is to be had in a strict interpretation of Rule of Judicial Administration 2101 (a) which states "[r]eview of an award of arbitrators appointed in conformity with an Act of Assembly to arbitrate a dispute between a public employer and an employe shall be sought exclusively in the Commonwealth Court" or may

from refusing to comply with the provisions of an arbitrator's award deemed binding under Section 903 of Article IX of the Public Employe Relations Act, hereinafter called the 'Act,' and to affirmatively comply therewith. The Commonwealth filed timely Exceptions to the Board's order and pursuant thereto an Oral Argument was ordered by the Board, at which time all parties in interest were given an opportunity to present arguments and file briefs, if they so desired.

"The Commonwealth's position was that the Arbitrator's opinion and subsequent award was illegal since it did violence to Section 702 of the Act. Further, that the Board's enforcing of the award would do violence to Section 703 of the Act. The Board has considered this argument and reviewed all of the pleadings, petitions, orders, exceptions and other matters therein and is of the opinion that the exceptions must be dismissed.

"The Commonwealth's allegation is that the Arbitrator exceeded his authority as an arbitrator under the terms of the collective bargaining agreement. Exclusive jurisdiction of review of an arbitrator's decision in public employment rests in the Commonwealth Court. See R.J.A. 2101 Review of Arbitration Awards in Public Employment Disputes. Since the Commonwealth Court is vested with exclusive jurisdiction, the Board is precluded from reviewing the award. Since no appeal was taken to the Court and the appeal period having expired, the Board must order the enforcement pursuant to Section 1201 (a) (8) of the Act.

"In view of the foregoing and in order to effectuate the policies of the Public Employe Relations Act, the Pennsylvania Labor Relations Board

HEREBY ORDERS AND DIRECTS

that the Exceptions filed by the Commonwealth of Pennsylvania to the Board's Nisi Decision and Order issued on July 15, 1974, are hereby dismissed and the aforesaid Nisi Decision and Order shall be and become absolute and final."

the validity of an arbitrator's award be challenged in an unfair practice proceeding brought to enforce the award?

The Commonwealth being dissatisfied with the arbitration award could have challenged its validity by the appellate review route pursuant to Pa.R.J.A. No. 2101 but instead it chose to refuse to comply with the award which forced PSSU, the satisfied party, to seek enforcement. What is before us, therefore, is not a review of an award of an arbitrator pursuant to Pa. R.J.A. No. 2101(a) but a review of an order of the Board enforcing an arbitration award pursuant to Section 1301 of PERA.[8] The Commonwealth contends that the Board erred in dismissing its exceptions to the nisi order urging that Pa. R.J.A. No. 2101(a) vests in this Court exclusive jurisdiction to review the validity of an arbitration award. We agree.

The case at bar is inapposite to *Community College of Beaver County v. Community College Faculty*, 17 Pa. Commonwealth Ct. 231, 331 A.2d 921 (1975). In *Community College*, the College, being dissatisfied with the arbitration award, filed a timely petition for review in the Court of Common Pleas. Uncertain as to the applicability of Pa. R.J.A. No. 2101, the College also filed a timely application for review under Pa. R.J.A. No. 2101 in this Court. In vacating the proceedings in the Court of Common Pleas, President Judge BOWMAN later wrote Pa. R. J. A. No. 2101 controls the provisions of the Act of April 25, 1927, P.L. 381, *as amended*, 5 P.S. §161 et seq. thereby vesting exclusive jurisdiction in this Court to review arbitration awards issued under Section 903 of PERA.

Here PSSU being satisfied with the award, sought enforcement by filing a Section 1201(a)(8) unfair prac-

---

8. "The board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair practice listed in Article XII of this act. This power shall be exclusive and shall not be affected by any other means of adjustment or prevention that have been or may be established by agreement, law, or otherwise." 43 P.S. §1101.1301.

tice charge; therefore, the board took exclusive jurisdiction pursuant to Section 1301 of PERA.

For PSSU to have the award enforced it must show not only that the Commonwealth refused to comply with the award, but also that the award is binding under Section 903. The procedural difference between *Community College* and the case at bar is that in *Community College* the dissatisfied appellant had the burden of proving that the arbitration award *was not* in concert with the law. Here, the satisfied compliant, PSSU, has the burden of proving that the arbitration award *was* in concert with the law. The Board should not invoke Pa. R.J.A. 2101 (a) to absolve itself of the statutory duty to review an arbitration award which is the subject of the unfair practice complaint before it. The language of Section 1301 is clear. The Board's power "shall be *exclusive* and *shall not be affected by any other means of adjustment or prevention that have been or may be established by agreement, law, or otherwise."* (Emphasis added.) By giving the Board exclusive jurisdiction, the legislature triggered the recognition which is now universally accepted that the Board has the expertise and experience to understand and satisfactorily resolve the problems arising out of the intricacies and subtleties of labor-management relations, *Pennsylvania Labor Relations Board v. Sand's Restaurant Corporation,* 429 Pa. 479, 240 A.2d 801 (1968) ; *Pennsylvania Labor Relations Board v. Butz,* 411 Pa. 360, 192 A.2d 707 (1963) ; *American Federation of State, County and Municipal Employees, AFL-CIO v. Pennsylvania Labor Relations Board,* 17 Pa. Commonwealth Ct. 83, 330 A.2d 300 (1975) and "shall not be affected by any other means."[9]

Since the Board is statutorily bound to determine if an unfair practice charge lies, by refusing to determine if an arbitration award is *deemed binding,* it erred, however justified the Board felt its reliance on Pa. R.J.A.

---

9. Section 1101.1301 of PERA.

2101 (a) may have been. Moreover, the Board with its expertise in labor-management relations qualifies it, without doubt, to determine if the arbitrator did, in fact, exceed his authority. We therefore

ORDER

AND NOW, this 20th day of January, 1976, the final order of the Pennsylvania Labor Relations Board is vacated and the case remanded to the Board for determinations consistent with this opinion.

DISSENTING OPINION BY JUDGE ROGERS:

I would affirm the decision of the Pennsylvania Labor Relations Board finding that the Commonwealth had committed an unfair labor practice by refusal to comply with the arbitrator's award and requiring it to desist in its unlawful labor practice. As the majority opinion correctly notes, the Commonwealth could have appealed the arbitrator's award to this Court, and here raised the asserted invalidity of the arbitrator's decision. I find nothing in the law giving it another option to refuse to comply with the award and to assert the invalidity of the award as a defense to a charge of unfair labor practices. The Board, in my opinion, correctly held that the arbitrator's award, not having been appealed, was binding, and that the only issue before the Board was whether the Commonwealth had refused to comply.

President Judge BOWMAN and Judge BLATT join in this dissent.