Retail Clerks Union Pennsylvania State Store Organizing Committee, AFL-CIO, an unincorporated association, by Wendell Young and Ronald Rosmini, Trustees ad litem, on their own behalf and on behalf of all others similarly situated; and Peter J. Spurio, on his own behalf and on behalf of all others similarly situated; and Steven B. Edwards, on his own behalf and on behalf of all others similarly situated; and Gene O. Russell, on his own behalf and on behalf of all others similarly

situated; and Stephen E. Byers, on his own behalf and on behalf of all others similarly situated, Plaintiffs *v.* The Commonwealth of Pennsylvania and Pennsylvania Liquor Control Board and Henry Kaplan, in his capacity as Chairman of the Pennsylvania Liquor Control Board and Edwin Winner, in his capacity as a member of the Pennsylvania Liquor Control Board and Daniel Pennick, in his capacity as a member of the Pennsylvania Liquor Control Board and Milton J. Shapp, in his capacity as Governor of the Commonwealth of Pennsylvania, Defendants.

Argued December 3, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

452

*Bruce E. Endy,* with him *Meranze, Katz, Spear & Wilderman,* for plaintiffs.

*Michael H. Small,* Assistant Attorney General, for defendants.

OPINION BY JUDGE CRUMLISH, JR., May 13, 1976:

The defendants, the Commonwealth of Pennsylvania, the Pennsylvania Liquor Control Board, and its members, have filed preliminary objections to the Retail Clerks Union, Pennsylvania State Store Organizing Committee, AFL-CIO, et al., plaintiffs', complaint which seeks recoupment of monies withheld as cash shortages.

The objections consist of a demurrer interposing Article VII of the collective bargaining agreement, motion to strike based upon improper use of Pa. R.C.P. No. 2230, and motion to dismiss for lack of jurisdiction. Since we sustain the motion to dismiss for lack of jurisdiction on the ground that the Pennsylvania Labor Relations Board (Labor Board) has exclusive jurisdiction, we limit discussion to that objection.

The complaint alleges that the plaintiffs invoked the grievance mechanism as the proper procedure by which the defendants were to determine the liability of bargaining unit members (employees) for cash shortages.

This grievance was eventually submitted to arbitration. The decision of the arbitrator delineated the appropriate procedure for the deduction of cash shortages from employees' paychecks. The defendants did not comply with the decision of the arbitrator and their conduct is characterized as a breach of the collective bargaining agreement and an unfair practice, thus making the defendants liable in assumpsit to the named plaintiffs and those similarly situated.

We do not agree. The Public Employee Relations Act[1] (PERA) has given to the Labor Board exclusive power to prevent unfair practices.[2] The plaintiffs, here, are attempting to circumvent the prescribed procedure by seeking a review and enforcement of a decision of an arbitrator.[3] *See Pennsylvania Labor Relations Board v.*

---

1. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101 et seq.

2. Since plaintiffs have filed a Section 1201(a)(8) unfair practice charge, the Labor Board has exclusive jurisdiction pursuant to Section 1301 of PERA, 43 P.S. §1101.301.

3. *See generally Lilian v. Commonwealth,* Pa. , 354 A. 2d 250 (1976). There, appellants, Lilian et al., sought the repayment of portions of sales tax paid on the purchase of motor vehicles. In discussing the propriety of a suit in equity, where the General Assembly has provided for an administrative remedy, the

*Commonwealth of Pennsylvania,* 23 Pa. Commonwealth Ct. 49, 350 A. 2d 199 (1976). The Labor Board has the expertise and experience to understand and resolve the problems arising out of labor-management relations and it is there that the desired relief must be sought. *American Federation of State, County and Municipal Employees, AFL-CIO v. Pennsylvania Labor Relations Board,* 17 Pa. Commonwealth Ct. 83, 330 A. 2d 300 (1975).

This being so, we

## ORDER

AND NOW, this 13th day of May, 1976, the preliminary objections of the defendants are hereby sustained and the complaint dismissed.

Judge KRAMER did not participate in the decision in this case.

---

CONCURRING OPINION BY PRESIDENT JUDGE BOWMAN:

I agree with the result reached by the majority in dismissing the instant complaint in assumpsit by which plaintiffs sought to give effect to an arbitration award issued pursuant to the provisions of a collective bargaining agreement. Where an administrative remedy is statutorily prescribed and found to be adequate, neither a court of equity nor a court of law has jurisdiction to entertain this common law action. *Lilian v Commonwealth,* Pa. , 354 A.2d 250 (1976) ; *see* Statutory Construction Act of 1972, 1 Pa. C.S. §1504. Noncompliance with an arbitration award is an unfair labor practice under Section 1201 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P. S.

---

Supreme Court said: "Where such an administrative remedy is statutorily prescribed the general rule is that a court—be it a court of equity or a court of law—is without jurisdiction to entertain the action."

§1101.1201; the Pennsylvania Labor Relations Board has exclusive jurisdiction to hear and dispose of unfair labor charges under Section 1301 of said Act, 43 P. S. §1101.1301, and its provisions for judicial review and enforcement amply establish its adequacy. To the extent the majority opinion suggests or infers that in unfair labor practice proceedings before the Labor Board the arbitration award is subject to review, I register my disagreement as I conceive the only issue before the Labor Board in such proceedings is whether the Commonwealth has refused to obey the award. *Pennsylvania Labor Relations Board v. Commonwealth,* 23 Pa. Commonwealth Ct. 49, 350 A.2d 199 (1976) (dissenting opinion).

Judges ROGERS and BLATT join in this concurring opinion.