Charleston Township Municipal Authority et al., Plaintiffs *v.* Department of Environmental Resources et al., Defendants.

Argued February 1, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*George C. Williams,* with him *Lynn R. Mader,* for plaintiffs.

*John P. Krill, Jr.,* Assistant Attorney General, for defendants.

OPINION BY JUDGE ROGERS, March 8, 1977:

Charleston Township Municipal Authority (Authority), created by Charleston Township, Tioga County, has sued the Department of Environmental Resources (DER) in equity seeking an order of this Court reinstating its funding priority status for federal sewerage construction grants, initially established by DER but subsequently revoked. The Authority commenced this lawsuit instead of appealing DER's action to the Environmental Hearing Board (EHB) as allowed by statute. DER has filed preliminary objections, including one asserting lack of equity jurisdiction by reason of the statutory remedy, which we sustain.

On June 4, 1971, DER ordered Charleston Township to construct a sewerage system and sewerage treatment facilities necessary to eliminate water pollution and public health hazards.[1] In compliance with the order an engineering firm was engaged to design a sewage collection system.

On November 14, 1972, DER issued an order modifying the June 4, 1971 order and directing the Township to negotiate an agreement with the Borough of Wellsboro (Borough) for the latter to expand its existing treatment facilities to serve both the proposed township collection system and its own requirements. A similar order to negotiate was concurrently issued to Wellsboro and a memorandum of agreement between the Township and Borough was in fact executed on March 19, 1973.

---

[1] This order was made pursuant to Section 203 of The Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §691.203.

During 1973 and 1974, DER held hearings to establish statewide project priorities to determine which projects were eligible for federally funded construction grants allocated to Pennsylvania. DER put both the Borough treatment project and the Authority's collection system on the priority list for 1976 funds.

Unhappily, the Borough lost interest in the program of expanded sewerage treatment facilities and in order to make funds available for other projects more likely to proceed, DER in May 1976 removed both the Borough's and the Authority's project from the priority list for federal funding. The Authority's response was this suit which challenges the procedural and substantive validity of DER's action.

DER's preliminary objections say that the Authority could have appealed DER's action to the EHB, and that the availability of this adequate statutory remedy precludes this original action in equity. We agree.

Where an adequate administrative remedy is provided by statute this Court lacks jurisdiction to entertain a suit either in law or equity. *Department of Labor and Industry v. Altemose Construction Co.,* 28 Pa. Commonwealth Ct. 277, 370 A.2d 758 (1977); *Retail Clerks Union Pennsylvania State Store Organizing Committee, AFL-CIO v. Commonwealth,* 24 Pa. Commonwealth Ct. 450, 357 A.2d 244 (1976); *St. Joe Minerals Corp. v. Goddard,* 14 Pa. Commonwealth Ct. 624, 324 A.2d 800 (1974); *Lilian v. Commonwealth,* 11 Pa. Commonwealth Ct. 90, 311 A.2d 368 (1973), *aff'd,* Pa. , 354 A.2d 250 (1976).

Section 1921-A of The Administrative Code of 1929 (Code), Act of April 9, 1929, *as amended,* 71 P.S. §510-21, provides, *inter alia,* that:

(a) The Environmental Hearing Board shall have the power and its duties shall be to hold hearings and issue adjudications under

the provisions of the Act of June 4, 1945 (P.L. 1388), known as the 'Administrative Agency Law,' on any order, permit, license or decision of the Department of Environmental Resources.

. . . .

Appeal to the EHB is to be made within "30 days from the date of service of written notice of an action of [DER] . . . ." 25 Pa. Code §21.21(a).

The Authority says that appeal is an inadequate remedy because the EHB review was not "presently available in terms of both timeliness and in terms of the competency of the tribunal to resolve all of the issues in the case." St. Joe Minerals Corp. v. Goddard, supra, at 628, 324 A.2d at 802.

The Authority's claim that it could not obtain effective and conclusive determination from the EHB prior to the alleged June 30, 1976[2] deadline for federal grants is unavailing. The Authority could certainly have prepared and filed a timely appeal as soon if not sooner than June 8, 1976 when it filed the instant complaint. Furthermore, after appeal was made, the Authority might have petitioned the Board for a supersedeas of DER's action prior to hearing on the merits. Section 1921-A(d) of the Code, 71 P.S. §510-21(d); 25 Pa. Code §21.16; see also St. Joe Minerals Corp. v. Goddard, supra.

The Authority's contention that the EHB is not a competent tribunal to resolve the issues raised in its complaint—the procedural and substantive validity of DER actions and adequacy of notice thereof—is equally without merit. Section 1921-A(a) of the Administrative Code just cited clearly confers power upon the EHB to decide such questions.

Accordingly, we enter the following

[2] The Authority argues it would suffer irreparable harm if it is denied a 1976 grant by reason of anticipated increased construction prices.

ORDER

AND Now, this 8th day of March, 1977, it is Ordered that the preliminary objections of the Department of Environmental Resources be and they are hereby sustained, and the complaint in equity of the Charleston Township Municipal Authority be and it is hereby dismissed.