Interstate Traveller Services, Inc., a/k/a Tri-County Oil Company, Inc., The Township of Boggs and Boggs Township Authority, Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources and Mid-Centre County Authority, Respondents.

Argued June 6, 1978, before President Judge Bow-MAN and Judges CRUMLISH, JR., WILKINSON, JR., MEN-CER, ROGERS, BLATT and DiSALLE.

*Ronald M. Katzman*, with him *Joseph J. Savitz; Rosenn, Jenkins & Greenwald;* and *Goldberg, Evans & Katzman*, for petitioner, Interstate Traveller Services, Inc.

*David A. Flood*, Solicitor, for petitioner, Township of Boggs and Boggs Township Authority.

*John P. Krill, Jr.*, Assistant Attorney General, with him *Richard L. Campbell; John R. Miller; Miller, Kistler, Campbell, Mitinger & Beik; Robert Moore;* and *Shearer, Mette & Woodside*, for respondents.

OPINION BY JUDGE BLATT, September 25, 1978:

The Department of Environmental Resources has filed Preliminary Objections to a Petition for Review brought by the Interstate Traveller Services, Inc. (Interstate), the Township of Boggs (Township) and the Boggs Township Authority (Township Authority) who are the plaintiffs in an action filed as a "Complaint in Equity," which by order of this Court is being treated as a Petition for Review addressed to our original jurisdiction.[1] They have alleged that they will suffer irreparable injury as a result of the actions of the defendants, the Department of Environmental Resources (DER) and the Mid-Centre County Authority (County Authority).

The plaintiffs have alleged in their complaint that, on October 10, 1973, Interstate, the Township and the DER entered into an agreement, according to which Interstate agreed to erect a local sewage treatment facility whose specifications would be approved by the DER, and to transfer the completed facility to the Township or to an authority created by the Township. The Township promised to reimburse Interstate and to enact ordinances imposing user charges and requiring the mandatory connection to the facility of all properties within a specified distance. The DER promised to issue the required permit to Interstate, which was done on October 16, 1973. Meanwhile, the DER had issued an order on October 12, 1973, directing the Township, the defendant Mid-Centre County Authority, and other governmental bodies in the area to enter into agreements to provide for a regional sewage system. The Township appealed this DER order of October 12, 1973, and it later sought to have its facility incorporated into the regional system,

---

[1] See Section 401(a)(2) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, as amended, 17 P.S. §211.401 (a)(2).

but this was rejected by the County Authority, which decided to locate its proposed regional facility on a site approximately 0.8 miles from the Township's plant. The result, the plaintiffs allege, is to render their plant and sewer lines useless.

In 1975 and 1976 the DER approved the design of the new Mid-Centre County regional sewage treatment plant and issued a permit for construction and operation of this facility. Subsequently, the County Authority commenced a declaratory judgment action against the Township and Interstate,[2] and the DER initiated a contempt action against the Township Authority and the Township, apparently based on the plaintiffs' refusal to cooperate in the planning and construction of the new regional facility.

The plaintiffs allege a conspiracy between the DER and the County Authority and claim that the DER has embarked on a course of conduct designed to interfere with and abrogate the agreements between the Township, the Township Authority and Interstate. Their prayer for relief requests injunctive relief including a stay of all actions instituted by the defendants.

Among their Preliminary Objections, the DER urges that the plaintiffs have failed to exercise or exhaust their statutory remedies, and that their Petition for Review should therefore be dismissed. We agree.

When an adequate remedy is provided by statute, this Court lacks jurisdiction to entertain a suit in either law or equity. *Charleston Township Municipal Authority v. Department of Environmental Resources*, 29 Pa. Commonwealth Ct. 127, 370 A.2d 758 (1977).

---

[2] In *Mid-Centre County Authority v. Township of Boggs*, 34 Pa. Commonwealth Ct. 494, 384 A.2d 1008 (1978), this Court held that under the circumstances a declaratory judgment action was proper and that the DER was not an indispensable party.

And such a remedy is available here as provided in Section 1921-A of The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended*, added by Section 20 of the Act of December 3, 1970, P.L. 834, *as amended*, 71 P.S. §510-21, which sets forth, *inter alia*:

> (a) The Environmental Hearing Board shall have the power and its duties shall be to hold hearings and issue adjudications under the provisions of the Act of June 4, 1945 (P.L. 1388), known as the 'Administrative Agency Law,' on any order, permit, license or decision of the Department of Environmental Resources.

Although plaintiffs allege a number of wrongful actions on the part of the DER and the County Authority, their difficulties clearly stem from two official actions of the DER: (1) the order of October 12, 1973, compelling the Township and other governmental bodies to enter into agreements to provide for a regional sewer system; and (2) the action of the DER in approving and in issuing a new permit for the construction of the Mid-Centre County regional sewage facility. All of the other allegedly wrongful acts of the DER and the County Authority, including the declaratory judgment and contempt proceedings, were pursuant to these official actions.

Only the Township alleges in the complaint that it has appealed to the Environmental Hearing Board the DER's order of October 12, 1973.[3] As to the action

---

[3] The Township alleges in its brief that its appeal has since been rejected for failure properly to docket and document. This development does not affect our decision because review of such action in this Court is by way of appeal and not by a complaint in equity or a Petition for Review addressed to our original jurisdiction. *See* Section 403 of the Appellate Court Jurisdiction Act of 1970, Act of July, 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.403.

of the DER in issuing a permit for the construction and operation of the Mid-Centre County regional facility, it appears from the record that none of the plaintiffs has appealed to the Environmental Hearing Board as required by statute.

The plaintiffs argue that there is nothing on the face of the October 12, 1973 order which would indicate an interference or disagreement with the October 10, 1973 agreement; thus, the plaintiffs were presumably unaware of the need to appeal the order. This contention is undermined, however, by the fact that the Township did appeal. Furthermore, even conceding that the Township Authority and Interstate were unaware of the adverse nature of the October 12, 1973 order, all the plaintiffs surely recognized the significance of the DER's action in issuing a permit for the construction and operation of a new regional facility after the plaintiffs' facility had been rejected. Yet they did not appeal this action to the Environmental Hearing Board.[4]

Interstate argues, nevertheless, that it was not a party to the October 12, 1973 order and thus its standing to appeal is questionable, and that the record does not indicate Interstate had notice of the order so that a timely appeal could be taken. These contentions are unavailing, however, for they do not excuse Interstate's (or the Township's) failure to appeal the permit subsequently issued to the regional facility. Moreover, the complaint does not allege nor do the plaintiffs argue that they did not in fact have notice. In the absence of such an allegation, we cannot presume lack of notice. Finally, Interstate cannot avoid the obligation to pursue an administrative appeal by

---

[4] Although Interstate argues that the record discloses no order or permit from which it could appeal, plaintiffs' complaint specifically refers in paragraph 18(b) to the issuance of a permit for operation of the new Mid-Centre County regional sewage facility.

putting its standing into question before this Court when it has not even attempted to appeal the DER's actions.[5]

Because the plaintiffs have failed to exercise or exhaust their statutory remedies, this Court lacks jurisdiction to entertain this suit. Their Petition for Review is therefore dismissed.

ORDER

AND Now, this 25th day of September, 1978, the Preliminary Objections filed by the Department of Environmental Resources are sustained, and the Petition for Review of Interstate Traveller Services, Inc., the Township of Boggs, and the Boggs Township Authority is dismissed.

---

[5] In any event, it appears that Interstate would have standing under Section 1921-A of the Code, 71 P.S. §510-21, which provides that "no such action of the department adversely affecting any person shall be final as to such person until such person has had the opportunity to appeal such action to the Environmental Hearing Board." Thus, it is not necessary to be a party to an order to appeal, as Interstate implies.