Warren E. Berger, Laverne Berger and Middle Paxton Concerned Citizens, Inc., Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent. Pennsylvania Environmental Management Services, Inc., Intervenor.

Argued February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Michael C. Fox,* with him *Michael Q. Davis,* and *Nauman, Smith, Shissler & Hall,* for petitioners.

*Karin W. Carter,* Assistant Attorney General, for respondent.

*Richard L. Berkman,* for intervenor.

OPINION BY JUDGE MENCER, April 24, 1979:

We have for disposition the preliminary objections filed by the Department of Environmental Resources (DER) to a petition for review filed by two individual residents of Middle Paxton Township, Dauphin County, and a nonprofit corporation. The petitioners commenced this proceeding in an effort to object to the manner in which, they allege, DER is reviewing and processing the application of the Pennsylvania Environmental Management Services, Inc. (PEMS) for a permit to construct and operate a sanitary landfill.

Petitioners allege that, upon inquiry, DER employees have stated that the permit application review process would not include consideration of the Dau-

phin County Solid Waste Management Plan (County Plan), either in its current form or in its future updated form; nor would it include consideration of zoning, population estimates, engineering, economics of the county, highway accessibility, residential proximity, area-wide economic impact, watershed impact, effects on game trails, effects on forest land, and aesthetic values. Petitioners allege that DER's lack of consideration of the aforesaid items in its permit application review process would violate the Pennsylvania Solid Waste Management Act, Act of July 31, 1968, P.L. 788, *as amended,* 35 P.S. §6001 et seq., and Article I, Section 27 of the Pennsylvania Constitution. Petitioners admit that DER has not yet completed its review process and has not granted the permit but allege that they will suffer irreparable harm if the review process is allowed to continue in its present manner. Petitioners also allege that DER has failed to enforce the County Plan. Petitioners seek relief under the Declaratory Judgments Act, 42 Pa.C.S. §7531 et seq., or by injunction or mandamus requiring DER to stop processing the PEMS permit application until the aforesaid information is available and to incorporate this information into its review. Petitioners also request an order in mandamus requiring DER to order Dauphin County to institute the current County Plan.

DER's preliminary objections raise, *inter alia,* the question as to whether or not the petition for review here is premature and accordingly should be dismissed.

Petitioners admit, at paragraph 41 of their petition for review, that "[t]he refusal of the Department, through its employees, to give consideration to the information mandated both under the statute, and under the Constitution, does not constitute an order, decree, decision, determination, or ruling by the Department, sufficient to allow your Petitioners to proceed to the Environmental Hearing Board...."

However, petitioners have filed a petition for review under the provision of Pa. R.A.P. 1501(a)(3) which reads:

(a) General rule. Except as otherwise prescribed by Subdivisions (b) and (c) of this rule, this chapter applies to:

. . . .

(3) Objections to a determination by a government unit heretofore cognizable in an appellate court by an action in the nature of equity, replevin, mandamus or quo warranto or for a declaratory judgment, or upon writs of certiorari or prohibition.

Thus, petitioners assert that, although DER has not made a "determination" which would be appealable to the Environmental Hearing Board, DER has made a "determination" which would entitle petitioners within the jurisdiction of this Court to relief in the nature of equity or mandamus or to a declaratory judgment. This assertion is made on the definition of "determination" found in Pa. R.A.P. 102 which reads:

'Determination.' Action or inaction by a government unit which action or inaction is subject to judicial review by a court under Section 9 of Article V of the Constitution of Pennsylvania or otherwise. The term includes an order entered by a government unit.

The petitioners in their petition for review and at oral argument contend that DER is, through its inaction, eliminating important matters from its review of the application of PEMS. It is this alleged inaction that petitioners claim as the basis upon which they seek relief in equity or mandamus or for a declaratory judgment.

However, as we view the definition of "determination," the inaction by a government unit which is subject to judicial review is an unwillingness or refusal to

act when under a legal obligation to do so. Such is not the case here where, according to paragraph 25 of the petition for review, "[t]he Department of Environmental Resources is, at the present time, processing the application for the landfill permit."

We do not perceive a petition for review as an available procedural tool to be employed for the judicial review of rights in anticipation of an event which may never occur. If the permit sought by PEMS is denied by DER, then certainly petitioners could not claim that they were harmed by DER's alleged failure to consider certain specified plans or items, the consideration of which might be relevant to the decisional process. *Cf. Edgewood School District v. State Board of Education,* 17 Pa. Commonwealth Ct. 136, 330 A.2d 880 (1975). If the permit is granted by DER, the issuance of the permit would be appealable to the Environmental Hearing Board. Section 1921-A(c) of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by Section 20 of the Act of December 3, 1970, P.L. 834, 71 P.S. §510-21(c) ; *Interstate Traveller Services, Inc. v. Department of Environmental Resources,* 38 Pa. Commonwealth Ct. 9, 391 A.2d 1112 (1978). When an adequate remedy is provided by statute, this Court lacks jurisdiction to entertain a suit in either law or equity. *Charleston Township Municipal Authority v. Department of Environmental Resources,* 29 Pa. Commonwealth Ct. 127, 370 A.2d 758 (1977). Likewise, a declaratory judgment is not to be employed for the determination of rights in anticipation of an event which may never occur. *Singer v. Sheppard,* 33 Pa. Commonwealth Ct. 276, 381 A.2d 1007 (1978).

We have considered the other issues raised by petitioners and find them, prior to a determination's being made by DER on the permit application in question, to be premature or without merit.

Accordingly, we make the following

ORDER

AND NOW, this 24th day of April, 1979, the preliminary objections filed by the Department of Environmental Resources in the above captioned case are sustained, and the petition for review filed by Warren E. Berger, Laverne Berger, and Middle Paxton Concerned Citizens, Inc., is hereby dismissed.