Linda Ziccardi, Plaintiff *v.* Commonwealth of Pennsylvania, Department of General Services, Bureau of Buildings and Grounds et al., Defendants.

Argued November 14, 1979, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Marjorie A. Janoski,* with her *Richard P. Perna, Terry L. Fromson* and *Louis S. Rulli,* for plaintiff.

*Jonathan K. Walters,* with him, *Richard Kirschner,* of *Kirschner, Walters & Willig, Robert J. Schwartz* and *John D. Raup,* for defendants.

OPINION BY JUDGE CRAIG, April 8, 1980:

Petitioner Linda Ziccardi initiated this action by filing in this court a complaint with counts in assumpsit, trespass, and equity against her former employer, the Commonwealth of Pennsylvania, Department of General Services, Bureau of Buildings and Grounds (Commonwealth), and two counts in trespass against the American Federation of State, County and Municipal Employees, AFL-CIO, Council 13, and its subsidiary District Council 88 (union), the exclusive representative and bargaining agent of plaintiff in her former employment. Respondents have entered preliminary objections to the complaint, which objections are now before us.

The basis of petitioner's claim, as stated in her complaint, is that she was in fact discharged November 23, 1972, because of her refusal to make political contributions as requested by her immediate supervisor, not for "unsatisfactory work habits," as alleged. Respondent union, upon petitioner's instigation, initiated grievance proceedings pursuant to the then effective collective bargining agreement, asserting that her discharge was without just cause and seeking reinstatement and back pay. After achieving no success through four stages of the grievance procedure, respondent union gave notice of intent to arbitrate to the Commonwealth.

An initial arbitration was held solely on the "arbitrability" issue of whether petitioner, at the time of her dismissal, was a permanent employee entitled to the protections of the existing collective bargaining agreement. After a March 20, 1974 decision in favor of petitioner, an arbitration on the merits was scheduled for July 25, 1974. On petitioner's request, that hearing was rescheduled to August 9, 1974, and then, upon further request, was indefinitely postponed due

to an unrelated injury she had sustained, which would have prevented her attendance at the arbitration.

In July, 1975, petitioner informed the union that she was ready to continue with her arbitration for full retroactive pay. In discussing the rescheduling, respondent union inquired whether petitioner would settle for reinstatement and four months' back pay, to which petitioner responded that she would not, because she believed she was entitled to more than four months' back pay.

On October 7, 1975, respondent union, by notice to the Commonwealth, withdrew its request for arbitration of petitioner's grievance. Petitioner alleges that this action was a breach of the union's duty of fair representation because it was taken without authorization from, or notice to, her and because she was unaware of that action, despite intervening communication with the union, until an unspecified number of months after that date.

The respondents' preliminary objections are several: They address the jurisdiction of this court, the statute of limitation as to some of the counts of the complaint, petitioner's standing, and the application of the doctrine of exhaustion of remedies.

Respondents base their jurisdictional objections on the view that peitioner's claim is within the exclusive jurisdiction of the Pennsylvania Labor Relations Board (PLRB).

The jurisdictional issue is dispositive with regard to the counts against respondent union. Allegations of unfair representation arguably raise an issue of unfair labor practice, in that a breach of the collective bargaining agent's duty to represent its members constitutes bad faith bargaining under Section 1201(b)(3) of the Public Employment Relations Act (PERA), Act of July 23, 1970, P.L. 563, No. 195, art. xii, §1201

(b)(3), *as amended,* 43 P.S. §1101.1201(b)(3). Decisions of the Pennsylvania Supreme Court and this court have firmly and repeatedly settled the point that the PLRB has exclusive jurisdiction over such a matter. *Hollinger v. Department of Public Welfare,* 469 Pa. 358, 365 A.2d 1245 (1976);[1] *Pronko v. Shapp,* 44 Pa. Commonwealth Ct. 541, 403 A.2d 1382 (1979); *McCluskey v. Department of Transportation,* 37 Pa. Commonwealth Ct. 598, 391 A.2d 45 (1978); *Robinson v. Abington Education Assoc.,* 32 Pa. Commonwealth Ct. 563, 379 A.2d 1371 (1977). Where such an administrative remedy is exclusive, no action at law or in equity will lie. *Retail Clerks Union v. Pennsylvania Liquor Control Board,* 24 Pa. Commonwealth Ct. 450, 357 A.2d 244 (1976).[2]

With regard to the counts against the Commonwealth, the allegations of the complaint clearly address issues that are within the scope of the collective bargaining agreement and as such are subject to that agreement's provisions for the arbitration of disputes. Further, arbitration of such disputes is not required solely by the agreement, but is in the first instance required by Section 903 of the PERA, 43 P.S. §1101.903, which provides that "[a]rbitration of disputes or grievances arising out of the interpretation

---

[1] The dictum in *Hollinger,* cited by petitioner for the proposition that an action for breach of contract would be an exception to the *Hollinger* rule, is not applicable here because petitioner lacks standing to bring a breach-of-contract action with respect to the collective bargaining agreement, *Falsetti v. Local Union No. 2026,* 400 Pa. 145, 161 A.2d 882 (1960); if it were necessary to reach the preliminary objections based on lack of standing, we would be compelled to sustain them.

[2] *Vaca v. Sipes,* 386 U.S. 171 (1967), based on federal labor law, was distinguished by us as inapplicable to PERA, in *Robinson, supra,* 32 Pa. Commonwealth Ct. at 572 n. 5, 379 A.2d at 1375 n. 5. We hold to that view, contrary to the reference thereto in *Crilly v. SEPTA,* 11 Pa. D. & C. 3rd 490 (Phila. 1979).

of the provisions of a collective bargaining agreement is mandatory.'' That statutory and contractual requirement has not been pursued to its proper conclusion; thus the statutory remedy has not been exhausted and this court has no jurisdiction. *Donnellan v. Mt. Lebanon School District,* 32 Pa. Commonwealth Ct. 33, 377 A.2d 1054 (1977); *See Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976).

We are mindful that the required arbitration process has been interrupted in this case by the union's alleged wrongful withdrawal of the request for arbitration. However, that action, if unjustified, would not release the Commonwealth from its obligation to arbitrate the dispute, nor would that action legitimatize the underlying alleged wrongful discharge. If the union here has interposed an impediment to arbitration by a wrongful withdrawal, the PLRB has jurisdiction to insure that the employer's duty to arbitrate is not discharged by that wrong. *See, e.g., Pennsylvania Labor Relations Board v. Phoenixville Area School District,* 8 Pa. P.E.R. 351 (1977), where the PLRB also ordered that any time limit for processing the grievance be waived, so that wrong action by employer or union could not leave the employee procedurally out of time limits.

Because the foregoing is dispositive as to the matter presently before this court, we do not address the remaining objections.[3]

We sustain the Commonwealth's preliminary objections as to the exhaustion of remedies, and the union's preliminary objection, based on the exclusive jurisdiction of the PLRB.

Accordingly, the petition (complaint) must be dismissed.

---

[3] Reference to the objections raising a question as to petitioner's standing has been made in note 1, *supra.*

372

## ORDER

AND Now, this 8th day of April, 1980, the preliminary objection of the Commonwealth, pertaining to the exhaustion of remedies, is sustained; the objection of AFSCME Council 13, District Council 88, based on the exclusive jurisdiction of the Pennsylvania Labor Relations Board, is sustained; and it is ordered that the complaint herein be dismissed.

President Judge BOWMAN did not participate in the decision in this case.

Judge DISALLE did not participate in the decision in this case.